## Case No. 17,508.

### In re WHETMORE.

[Deady, 585; 2 Am. Law T. 105; 1 Am. Law T. Rep. Bankr. 136.] [1]

District Court, D. Oregon. June 18, 1869.

BANKRUPTCY—EXEMPTIONS—ERRONEOUS CLAIM—DISCHARGE—OBJECTION BY OMITTED CREDITOR.

1. The "business of a contractor" is not a "trade, occupation or profession" within the meaning of the act (Code Or. 211) exempting certain tools and implements from execution.

2. Where the affidavit to a schedule states in the prescribed form, that it contains a statement of all the bankrupt's estate, its truth is not affected by an erroneous claim in such schedule that a certain article therein mentioned is exempt from execution.

3. If the bankrupt makes an erroneous claim to property mentioned in the schedule, as being exempt from the operation of the bankrupt act, it is the duty of the assignee to correct or disregard it.

4. Where a bankrupt, in pursuance of an arrangement with a certain creditor, omits his debt from his schedule, such creditor will not be permitted to object to the bankrupt's discharge on that ground.

[In the matter of W. C. Whetmore, a bankrupt.]

Robert Bybee, for petitioner.
M. W. Fechheimer, for creditor.

DEADY, District Judge. On October 27, 1868, the petitioner was adjudged a bankrupt on his own petition. No debts having been proved against his estate, on March 26, 1869, the petitioner filed his petition for final discharge from his debts. To this petition John A. Blanchard, a creditor, appeared and filed specification of grounds of opposition to the discharge. On May 22, 1869, the matter was tried by the court, without the intervention of a jury.

The grounds of opposition to the discharge, are: (1) That the bankrupt swore falsely in his affidavit annexed to his schedule, in this, that he willfully failed to insert therein a certain judgment debt due said Blanchard. (2) That said bankrupt swore falsely in the affidavit aforesaid, in this, that he claimed a horse and spring-wagon, as exempt, on account of being necessary to carry on his business. (3) That said bankrupt swore falsely in the affidavit aforesaid, in this, that he willfully failed to insert in his schedule a debt due to S. F. Shattuck.

The latter ground of opposition seems to have been made under a misapprehension of the facts, and was abandoned on the argument.

The second ground of opposition is insufficient. The bankrupt is a house carpenter, and it may be admitted that a horse and wagon are no part of the tools or implements necessary to enable a carpenter to carry on

his trade. If he is also engaged in the business of a contractor, he may find it necessary to own or employ a team or teams. But the business of a contractor is not a "trade, occupation or profession" within the meaning of the local law of this district, which exempts certain tools, implements, etc., from execution. Code Or. 211. If the law were construed otherwise, a merchant or shopkeeper might successfully claim his stock-in-trade, of whatever value, to be exempt from the operations of the act, because the same would be necessary to enable him to carry on his business. But the affidavit to schedule B does not state that this property was exempt from the operation of the act because necessary to carry on his business. It is in the prescribed form and merely declares "the said schedule to be a statement of all his estate, both real and personal," etc. In this respect the truth of the affidavit is not questioned. True, the schedule itself contains a statement that this horse and wagon are exempt, but it seems to me that this is no part of the affidavit. And if it were, I do not think it would be sufficient to prevent the petitioner's discharge. If the schedule contains "an accurate inventory" of the bankrupt's property, that is sufficient. Whether a particular article should be stated in the schedule as exempt from the operation of the act or not, must often be a mere matter of opinion. An error in this respect, however gross, if the facts are truly stated, it seems to me is not a bar to a discharge. If the bankrupt makes an erroneous or unfounded claim in this respect, it is the duty of the assignee to correct it, and if he fails to do his duty in the premises, the creditors may appeal to the court for relief.

As to the first ground of opposition, the testimony establishes the following facts:

Before the commencement of the proceedings in bankruptcy, the opposing creditor, Blanchard, had a judgment against the bankrupt for $16.50. Whetmore, being desirous of going through bankruptcy, consulted an attorney, who advised him to settle or arrange Blanchard's claim, and go through for the rest of his liabilities, which he called "Cariboo debts." The result was that the attorney for the bankrupt and Blanchard, with the bankrupt's assent, agreed that the attorney would pay the debt of $16.50, and that the same might be omitted from the schedules in the contemplated proceedings in bankruptcy. Whether this transaction amounted to a novation by which the debt due from the bankrupt was extinguished, or is a mere promise by the attorney to pay the debt of another, may be a question. But in any view of the matter, the circumstances are sufficient to preclude this creditor from opposing the discharge upon this ground. He agreed and consented to the omission of the debt from the schedule. Upon this understanding the bankrupt filed his petition in bankruptcy, omitting this debt from his schedule. The creditor having induced the bankrupt to make this

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission. 2 Am. Law T. 105, and 1 Am. Law T. Rep. Bankr. 136, contain only partial reports.]

omission ought not now to be heard to object to his discharge, on account of it. Of course, I do not intend to be understood as endorsing the morality or propriety of this transaction. On the contrary, it is quite evident that there was an intention to prefer Blanchard contrary to law and by the suppression of fact. But as to this, the parties are equally in the wrong, and the law leaves them as it finds them. The discharge is granted.